UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SONNY DAVIS,               )
                           )
         Plaintiff,        )
                           )    CAUSE NO. 3:17-CV-729 RLM
     vs.                   )
                           )
CORIZON HEALTHCARE, *et. al.*, )
                           )
         Defendants.       )

## OPINION AND ORDER

Sonny Davis, a *pro se* prisoner, filed an amended complaint alleging that he is being denied mental health treatment at the Westville Correctional Facility. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the merits of the allegations in a prisoner complaint. 28 U.S.C. § 1915A.

Mr. Davis alleges that he was getting mental health treatment while he was housed at the Pendleton Correctional Facility. He complains that once he was transferred to Westville in 2014 he was placed in segregation, taken off his medication, and not given any mental health treatment. He notified Mr. Taylor, the lead psychologist at Westville, that he was having complications with his mental health, but Mr. Taylor ignored him. Mr. Davis seeks injunctive relief in the form of mental health treatment and also money damages against Corizon Healthcare, Mr. Taylor, and a group of unnamed defendants he has labeled as "et al."

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish a constitutional violation, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

To be liable for deliberate indifference to a serious medical need, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

Although light on detail, the complaint suggests that Mr. Taylor knew that Mr. Davis needed medication and mental health treatment, but refused to provide it to him. That allegation adequately states an Eighth Amendment claim of deliberate indifference against Mr. Taylor.

Next, Mr. Davis sues Corizon Healthcare, the private company that provided medical care at the prison. He appears to be trying to hold the company liable because it employs the mental health provider that denied him treatment. An employer generally isn't liable under § 1983 for what an employee does. Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001); see also Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). While a private company performing a state function can be held liable to the same extent as a state actor under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012), Mr. Davis doesn't include any allegations from which it can be plausibly inferred that Corizon Healthcare had an unconstitutional practice or policy that caused his injury. Instead, the gist of Mr. Davis's claim is that medical staff failed to give proper care to him for his mental health needs. Mr. Davis hasn't plausibly alleged a claim against Corizon Healthcare.

Finally, Mr. Davis sues an undetermined and unnamed group of defendants, only identifying them as "et al." "[I]t is pointless to include lists of

anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). The unnamed defendants will be dismissed.

For these reasons, the court:

(1) GRANTS Sonny Davis leave to proceed on a claim against Mr. Taylor in his individual capacity for money damages for denying him mental health treatment in violation of the Eighth Amendment;

(2) GRANTS Sonny Davis leave to proceed against Mr. Taylor on an injunctive relief claim to obtain mental health treatment, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Corizon Healthcare and et. al.;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mr. Taylor at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 6) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Mr. Taylor respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Sonny Davis has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 20 , 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court