UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SONNY DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-729 RM |
| vs. | ) |
| | ) |
| CORIZON HEALTHCARE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Sonny Davis, a *pro se* prisoner, was originally granted leave to proceed against Mr. Taylor, the lead psychologist at the Westville Correctional Facility, for denying him mental health treatment. Mr. Davis has now submitted an amended complaint attached to his status report naming additional defendants, ECF 17-1, which the court must screen. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court must review the merits of a prisoner complaint. 28 U.S.C. § 1915A.

Mr. Davis alleges that he was getting mental health treatment while he was housed at the Pendleton Correctional Facility. In 2015 he was transferred to Westville and complains that once he arrived there, he was placed in segregation, taken off his medication, and not given any mental health treatment. He notified Mr. Taylor, the lead psychologist at Westville, that he was having complications

1

with his mental health, but Mr. Taylor ignored him. An unidentified psychologist replaced Mr. Taylor at some point, but that psychologist didn't provide Mr. Davis with any treatment, either. Dr. Eichman, who was responsible for Mr. Davis's medication, stopped his prescribed medication without reason. Ms. Bourn, a mental health therapist at Westville, knew that Mr. Davis needed mental health counseling but refused to provide him with any. Mr. Davis brings suit against Dr. Taylor, Dr. Eichman, Ms. Bourn, a Jane Doe psychologist, Warden Mark Sevier, two Indiana Department of Correction Commissioners and Corizon Healthcare, seeking injunctive relief in the form of mental health treatment and also money damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do

anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). An inmate's mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

Although light on detail, the complaint suggests that Mr. Taylor knew that Mr. Davis needed mental health treatment, that Dr. Eichman knew Mr. Davis needed prescription medication and that Ms. Bourn knew that Mr. Davis needed mental health counseling. Nevertheless, Mr. Davis alleges that each of these people ignored Mr. Davis's needs. Thus, the complaint adequately states an Eighth Amendment claim of deliberate indifference against them.

Mr. Davis's claims against the remaining defendants don't fare as well. The unidentified psychologist must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations

omitted). He sues Corizon Healthcare, the private company which provided medical care at the prison. It appears he is trying to hold the company liable because it employs the mental health provider that denied him treatment. As the court has previously explained, there is no general *respondeat superior* liability (a doctrine which, under other circumstances, might make an employer or supervisor liable for what a subordinate did) under Section 1983. Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001); see also Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.").

Finally, the Warden at Westville and the two IDOC Commissioners must be dismissed because Mr. Davis doesn't allege, and it isn't reasonable to infer from the complaint, that the warden or commissioners played a direct role in the providing of mental health treatment. Mr. Davis says they had personal involvement sufficient to trigger liability under Section 1983 because he notified them of his need for medical treatment. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 593 (7th Cir. 2009). As the court of appeals has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could

write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

Id. at 595.

Nothing in the complaint indicates that the warden or commissioners did anything to cause or worsen Mr. Davis's serious mental health problems, nor did they stand in the way of his treatment. At most, he alleges that these people knew that Mr. Davis was unhappy with the mental health treatment he was getting. Non-medical prison officials can't be held liable for deferring to the judgment of medical processionals. Id. at 596 ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); Greeno v. Daley, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). For these reasons, the amended complaint states no claim against Warden Mark Sevier or the IDOC Commissioners.

For these reasons, the court:

(1) DIRECTS the clerk to separately file the amended complaint (ECF 17-1);

(2) GRANTS Sonny Davis leave to proceed on a claim against Mr. Taylor, Dr. Eichman and Ms. Bourn in their individual capacities for money

5

damages for denying him mental health treatment in violation of the Eighth Amendment;

(3) GRANTS Sonny Davis leave to proceed against Mr. Taylor, Dr. Eichman and Ms. Bourn on an injunctive relief claim to obtain mental health treatment, as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Corizon Healthcare, Jane Doe Psychologist, John Doe Commissioner, Warden Mark Sevier and Commissioner Bruce Lemmon;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Eichman and Ms. Bourn at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 17-1) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Mr. Taylor, Dr. Eichman and Ms. Bourn respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Sonny Davis has been granted leave to proceed in this screening order.

SO ORDERED on May 15, 2018

    /s/ Robert L. Miller, Jr.
Judge
United States District Court